Next case on today's docket is People's State of Illinois v. Kyle Braddy And we have Mark Tungate for the appellant and Kelly Stacey for the appellate You may proceed Mr. Tungate If it pleases the court, my name is Mark Tungate and I'm representing the appellant, Kyle Braddy Mr. Braddy is currently incarcerated in the Illinois Department of Corrections for evictions out of the circuit court in Marion County For criminal sexual assault and two counts of aggravated criminal sexual abuse The issues that are going to be addressed today involve the interpretation and application of 7.5 ILCS 5-115-7.3 This is an evidentiary statute that was created by our legislature to give prosecution the tool in handling sexual abuse charges It is a statute that under the circumstances set forth in the statute can allow the trial court to have the prosecution put on evidence of past misconduct of the defendant The two things that I want to speak to the court today involves, one, the notice requirement, if any, of the statute of the state's intention to offer evidence of prior misconduct of the defendant And second, the actual application of the statute by the trial court in determining that evidence be presented in terms of its probative value versus its prejudicial value And the proximity, I'm sorry, considering factors such as proximity in time to the charge or predicate of offense, the degree of factual similarity to the charge or predicate of offense, or other relevant facts and circumstances If I may, the first issue I want to address, and I'll say that this is basically, I believe, a case of first impression I could not find any particular case addressing the issue of notice requirement, and I don't believe the state has cited any particular case But in the section B of the statute, it says that in the criminal case which the prosecution intends to offer evidence under this section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial, if the court excuses pre-trial notice So the phrase is there, pre-trial notice You say you're not disputing that the state told you that? That was in their discovery hands, yes Okay So is it more technicality that they didn't notice it with the statute? It's my argument that the state, if it intends to call a witness under the statute, cannot cover the requirement of the statute simply by answering discovery And what further should they have done? The state should have given a specific notice that it intended to call Harrah Braddy under the provisions of 725 ILCS 5-115-7.3 So you got notice, but it wasn't identified as such being under the statute? We got their answer to discovery Which gave you notice that she was going to testify to prior misconduct that was sexually, in fact I think intercourse was a word that was even part of the summary? Correct And she was also called as a rebuttal witness, so she was called in for two different purposes Is it your position that it was the court's responsibility to sua sponte determine that it was her preferred to testify? It is our position that the trial court should have denied an oral motion made by the state's attorney at the beginning of the second day of trial for having failed to give notice of his intention to call this witness under this particular statute And there was no objection? I don't understand your question There was no objection to presenting the oral motion? Yes, I objected to that You did, okay, and so then Go ahead I'm sorry, so the state presented its argument as to the evidence to be presented through Ms. Braddy So maybe I'm mistaken, but I thought I recall reading very specifically in the state's brief that there was no objection to the testimony? No, no, what's being referred to there, this was a motion in the middle of the trial At the start of the second day, the state made its motion out of the presence of the jury That motion was argued We objected to any evidence to be presented by the state through Kyra Braddy We then, upon the state granting the motion, allowed Kyra to testify We then went into open court and she did testify What the state is making reference to is that in the course of her testimony in open court, no objection was offered That had been done outside the presence of the jury As a matter of representing Kyle, we had a jury of 12 people You've been in front of the jury yourself Some jurors are more attentive than others Some aren't attentive at all I did not raise an objection in open court to this testimony Having Judge McHaney just granted the motion to allow testimony over my objection And my feeling is that it would have raised red flags for the jury to all of a sudden really pay attention to this lady's testimony And so, for that reason, in open court, no formal objection was made to her testimony That having already been done when we opposed the motion to allow So it's your position, you made your record outside the presence of the jury And it was a trial strategy decision not to make an open court objection Correct, because that would have just brought it further to the attention of the jury To have me make that objection just to have it denied by the trial court With that, what was apparent was the trial court's attitude on this issue Towards the defense In that, when we look at this statute As our position, the notice needs to be given by the state And that wasn't done Judge McHaney didn't agree with that Judge McHaney then directed his attention to me As the defendant's attorney Raising the issue You put the court in a bad position In a terrible position Me, because I didn't raise this in a pre-trial motion and when did? This statute Once the notice is given of the intent To call or present testimony Of past misconduct of the defendant This statute is a two-way street The defendant can file his motion in limine Or the state can file its motion To allow the testimony So it goes two ways Judge McHaney didn't see it that way He specifically defends You dropped the ball, you didn't file your motion in limine He never once said Mr. State's attorney, why on the second day of the trial Why are you now presenting an oral motion On what should have been done as a pre-trial When Judge McHaney Got consideration of the substantive aspects Of the situation Is there any indication on the record that he did not weigh the factors That are statutorily required for him to weigh That gets into the second issue Okay, I'll wait until you get to that I'll respond to it now Judge McHaney After having heard the arguments Of Mr. Wilsbach and myself In very summing fashion Said that he had Considered the evidence He weighed the appropriate value of the evidence against the under prejudice He considered the proximity in time Of the charge of offense versus the past misconduct The degree of factual similarity And other relevant factual circumstances That's basically what he said He did not go into any detail Any explanation as to Why he thought Kyle was 11 And Kyra was 8 And the current offenses Occurred when Kyle was 31 Is he required to actually Go through the factors and make findings Just responding to Justice Villeneuve's question He made his ruling in summing fashion That's what I'm saying But are you saying that he was required To make specific findings regarding The factors he was to consider With respect to proximity And the other considerations And the prejudice factor Is he required? I don't think so Does it make a better record if he does? I would say yes The subject of the testimony Was approximately 20 years prior to the trial Is that correct? Yes The testimony of Kyra was that she was 8 Kyle was 11 That Over I think it was a period of 9 months to a year He abused her 20 to 30 times She testified Well The evidence at the motion hearing Was that The similarity was that he touched Or fondled Kyra And then it developed into having Intercourse with her Both by vagina and anal The state's attorney During the motion article Acknowledged that Her testimony Would start out with some similarities But then it would progress To something past Anything that was charged And that's anal intercourse And vaginal intercourse Of course there was a time differential here too Both the VM and AB Cut it off so to speak In what, a month or so Because they came forward And the daughter did not It went on for a year She said because According to her testimony She was actually advised by her mother Not to tell For whatever reason She did not tell But I know that in looking at some of the cases They go both ways as far as proximity Back to the time factor The Davis case is 20 years The Smith case And Davis was allowed The Smith case that disallowed The propensity testimony Was 25 to 42 I think there were a couple of different witnesses And then the Donahue case Was 15 years And that was allowed And in the Stonebridge case There was a 10 year difference And that testimony was not allowed And the significance of that Stonebridge case Is The defendant admitted to having Been in the bedroom With a 14 year old boy And there was no other evidence It was the boys Versus the defendants were in Stonebridge The conviction was 10 years old And the court ruled That that would be inadmissible And the reasoning was When the evidence Boils down to credibility Who's the jury going to believe One person's word, the accusers Over the other person's word, the defendants That to proceed In allowing Prior acts of misconduct The court has to be very cautious Because it's built into the propensity statute That there's going to be prejudice, essentially So it's a balancing act And so, I mean, we are The standard of review is abuse of discretion So we have to basically say there's no reasonable judge That would find The propensity testimony That it was arbitrary And fanciful I think that's some of the language used And what this court must consider Is There was no forensic evidence To support the testimony of the girls Detective Anthony Decker From the Marion County Sheriff's Department Testified And there was absolutely nothing To support The testimony of the girls There was no effort made For the most part To Find any type of evidence I think even from the nature Of what they testified to There wouldn't have been forensic evidence What's your response to that? My response to that Is that's a good excuse for being late What do you contend Could have been There was There was no effort To find any There was No effort to go To the first Alleged act With the To inspect the mattress To see if there was any type of Discharge So was there Anything On this mattress? Was there Any To be Discussed With the Detectives? Was there Any To be Discussed With the Detectives? Thank you Thank you, your honors Counsel, may it please the court Well in advance of trial The state provided discovery to the defendant And that included summary of the testimony Of his younger sister Cara Prattie Concerning multiple incidents Of childhood fondling Which progressed to actual penetration The defendant argues that although Cara Prattie was listed as a witness And although the summary of her testimony Summary of her testimony Was provided to the defense That the state didn't write on a heading That this is brought pursuant to section 115-7.3 The statute does not require The notice to be put into a heading And I would note for the court that At trial, page 318 Of the transcript Defense counsel told the court I was aware of this, given details of it I wasn't concerned that it would be brought up Mr. Wilsbach having gone into his explanation In great detail many times It would be totally prejudicial to this defendant And totally deny him a right to a fair trial You're saying that this person Was disclosed but not indicated In the state's discovery response That she would be a witness She was disclosed as a witness Specifically as a witness Yes, she was But it wasn't designated that she was going to testify Pursuant to the propensity statute That's correct, your honor I think in the appendix of counsel's brief You can see the discovery Well, if looking at your position Wouldn't the practical effect of your position Be that anyone who is disclosed as a witness Whether designated as a person Who is intended to be called for testimony or not Would have to draw a response From defense counsel of I've got a list of eight people here I'm filing a motion to eliminate on all eight Period Because the state has not indicated what they're going to do And I don't want to be caught in a last minute ambush Doesn't that put that obligation on the defendant? I believe there is an obligation on the part of the defense When all of the discovery points to Twenty to thirty incidents of sexual Fondling and molestation That that should put the defense on notice That this is going to be pretty damaging testimony Well, I realize that And the trial judge said that the testimony Was, quote, devastating I'm pulling back in time from that When a defense counsel gets the state's response To the discovery request And looks at eight potential witnesses Does that mean that whether And with no indication as to which one, if any Will be called as actual witnesses If the case goes to trial Does that, doesn't your position indicate That defense counsel would have to file A motion to eliminate on all eight For example I just picked a number out of the year of eight I believe it depends on the particular case And I hate to answer in that way But in this case, the bulk of this information Was received 372 days before the trial There were multiple discussions Between defense counsel and the state's attorney About the substance of Carr's testimony How much discovery was actually produced? The discovery was not attached to the record And I wasn't the trial attorney Perhaps Mr. Tungate can answer that Well, you know, in the civil world We talk about dump truck discovery You familiar with that? But in the criminal world There is no way set forth in the statute As to how it's produced So if you had eight names Which didn't seem overly cumbersome to me And you're reading reports and you see Carr is giving devastating testimony You would think that the individual reading that Would make the connection I would think so I think a proven defense attorney would probably say You know what, this is going to be very damaging And let's see if we can file a motion in limine To try to prevent this from coming in And isn't that where the judge was at that point? He was very critical at that time Yes, he was. He was very critical of that I'm not certain why this Why it took the second day of trial Before the state came in and said Oh, by the way, this is the notice you get for all of this But the statute says the evidence That is intended to be presented Is where the notice is to be provided Not necessarily writing a specific section number In a heading or in the caption of a motion Well, and I would think that the judge then On the motion of the state has to have some kind of hearing To weigh the factors In the propensity statute I mean, you just can't I mean, it would seem to me that You have to do this outside the presence of the jury That's right And it could have been done before Had it been raised by defense counsel But it didn't work out that way And am I correct in that The DCFS summary or report was produced At that time I believe that is correct I mean, that's what I saw in the brief That's my understanding of it as well The one fact, though, that I couldn't find the answer to Is with regard to Cara Do you know if she ever reported this Prior to being asked to testify We know that she reported this to her own mother How long ago I'm assuming 20 years ago As it began happening in the home And her mother did not believe her And I believe that's why When Cara heard about A.B. and V.M. It just really resonated with her Because it's the same thing she went through That this abuse is going on And if I tell, is anyone going to believe me And then both A.B. and V.M. told V.M.'s mother What was going on, the defendant's girlfriend And she said she didn't believe the girls In fact, she went out of her way to try to punish them And took their iPads and phones And never got away So I think that's why that issue struck so soundly with Cara I think by defense counsel's statement About that he realized what was in this report That he knew there were 20 to 30 incidents Over a period of 12 months That that indicates to me that the substance of the testimony Was previously disclosed And that the state went into great detail about it Many times with the defense And that defense counsel knew this was going to be brought up During the trial There's no doubt that what Cara testified to is prejudicial But the issue is, is that outweighed by Is the proven value outweighed by The prejudicial nature of it The legislature knew when it enacted Section 115-7.3 That it was treating sex offenders Differently than other types of crimes It was enacted Because they understood there's a proclivity toward People who commit sex crimes to be repeat offenders Certain procedural rules are required As Justice Cates mentioned That the evidence has to be disclosed to the defense Either an actual statement or a summary of it At a reasonable time in advance of trial And again, most of this was provided 372 days before trial As far as Counsel saying that He did not make an objection on the record I believe that's an indication That that issue's not properly preserved Because even if he argued At the motion hearing, well this shouldn't come in It's too prejudicial And that outweighs the probative value Did you argue that you agreed? Waiver and forfeit? I argued no objection was made But I didn't note any argument Basically that it was forfeited That's probably correct I was unaware that Because it's not on the record That Mr. Tungate said he made an objection So as I heard that today That part apparently wasn't caught by the court reporter So we We don't know yet Because I have not reviewed the record in its totality What's going to be there with respect to Whether or not there was an objection I do know that on the record During the course of the trial there was no objection made And I think that he conceded to that I believe here that the court did consider The factors it was required to consider Proximity in time, degree of factual similarity And the circumstances of the charged offense And here I believe there was no abuse of discretion I understand the cases are kind of all over the place About timing factor But the Donoho case, the court said A timing factor standing alone cannot mean an abuse of discretion There has to be more than that The defendant Also complains about testimony Of Karabrati during rebuttal As far as rebuttal The defendant put on a witness Named George Sloat He testified as to the defendant's reputation for morality And chastity He testified that in the time period he was a defendant Which was three or four years He never heard anything bad about him If it's permitted, it's permitted for rebuttal as well I believe it is But it's true that the state didn't say Oh, we're going to present Kara again During the rebuttal testimony It may not know that But during the rebuttal testimony That's when the bulk of all the issues about child pornography And everything else came out Or I shouldn't say child pornography, pornography And that was very damaging But in Illinois, the defendant first Puts on evidence of his own character The state is allowed to bridge that subject too Because the defense has opened the door to that And it is true that the trial court characterized Kara's testimony As devastating I believe it was I also believe if Kara had not testified That this jury would have still found the defendant guilty Because of the strong testimony of A.B. and B.M. The defendant's daughter And his girlfriend's daughter testified About the defendant taking them coyote hunting Initiating back rubs and muscle massages And disrobing them, leading up to The sexual abuse and sexual assault Kara's testimony, though devastating and though relevant Did not become a focal point of the trial It did not become a mini-trial within a trial There was a hearing, the judge Reviewed the evidence, listened to argument of counsel And determined this evidence was relevant And should come in What do you think the court was trying to convey When he said it was devastating? I believe he was trying to convey that He didn't approve of the way the defense counsel Was handling the case I know it can be hard going through a case When things get sprung on you This wasn't sprung on you I believe there was a clear road map And I think the judge even said Let's see The court noted the substance of the report The court indicated Kara had been subjected to intercourse And this should have been a giant red flag for the defense So I think a defense attorney Who's been given information about all of these prior Events of a sexual nature That the prudent thing would be to File a motion in Lemony to try to Seek to keep that out So the state believes that the judge did not Use his discretion here The defendant received a fair trial We respectfully ask you to affirm the conviction And deny his motion for a new trial  First, the federal evidence of Kara Did not elaborate on her initial testimony That is wrong When she initially testified She testified as to how this Conduct with Kyle started Back when she was 8 and he was 11 That he would show the pornographic pictures That he would then have her pose In the same manner as was shown in the pornographic pictures That led to touching and fondling And then that led to anal and vaginal intercourse And it led to him actually using a rubber hose And sticking it up her anus Let's go back to the beginning though Of the discovery disclosure Since every criminal trial attorney knows That you can't generally Other bad acts are Invisible to prove propensity To commit a crime That evidence is invisible to show that You're more likely to commit that crime Except for basically The propensity statute So when you saw that disclosure You knew that that's what they intended, correct? We knew it was there We knew also It's one thing for a person A sister To tell a DCFS worker something In the confines of her home That my brother did bad things to me When I was a child When I was 8 and he was 11 But my question was You knew that that was testimony They intended to put on To show that he had the propensity To commit similar bad acts Yes, and I'm trying to respond to that It's one thing to say that If you're a DCFS worker In the confines of your home It's totally different to get up in front of a jury In public And testify Except that you knew That she was going to testify About sexual misconduct including intercourse Because that's what the disclosure was We knew it was there as a possibility But we also fully expected the state Since this was going to be the state's witness And the state would have the burden Of showing the appropriate value And the state would have the burden Of showing the similarities We fully expected the state to file The pre-trial motion to allow Kara's testimony When that didn't happen We were thinking that She doesn't want to sit in front of a jury We never expected At the beginning of the second day For a moral motion by the state That's a pretty big risk you took Pretty big risk And why Judge McHaney never Chastised the state For putting him in this terrible position Why he only directed it to the defense When the state just as easily Could have filed its pre-trial motion I'm curious about what this pre-trial motion Would have looked like They've already given you the evidence It seems like What more do they have to do as far as motion practice I have to have the statute I think essentially you say That they have to cite the specific statute I would think a motion would set forth That the state is asking for The testimony of Kara Bratty Under the provisions of the statute That here's the anticipated testimony And here's the appropriate value Versus the undue influence Here's the similarities versus the dissimilarities But that comes at the hearing stage On propensity That kind of motion would come one of two ways Either you would file a motion to keep it out Or at some point After the state's given you the information The state would say We're going to introduce this testimony of similar bad acts And we want the court to rule on it One of those two ways it gets before the court I don't see anything that says the state has to give you A special piece of paper that says This is our notice And that's what I hear you saying This is our notice, you don't have to do that It's going to arise at some point during the trial Hopefully by you But if not, the state has to get their hearing My response to the statute uses the term Pre-trial notice But you did get it, you got discovery We got discovery, but we didn't get pre-trial notice of the state's intention To call her under the statute Okay, thank you very much for your arguments and briefs Thank you Ms. Stacy, thank you Okay, we'll take the matter under advisement And we stand at recess for the day All rise